FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 JUL -5  AM 11: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA

STACEY HART, *on behalf of herself and all* )   CASE NO.  5:16-cv-450-OC-34PRC
*others similarly situated,*                )
                                            )
                                            )
Plaintiff,                                  )
                                            )   **CLASS ACTION COMPLAINT AND**
vs.                                         )   **TRIAL BY JURY DEMAND**
                                            )
CLIENT SERVICES, INC.,                      )
                                            )
Defendant.                                  )

## NATURE OF ACTION

1.      Plaintiff, Stacey Hart ("Plaintiff"), brings this putative class action against

Defendant, Client Services, Inc. ("Defendant"), under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in

this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to

ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini,*

*Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

1

5.     The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

6.     "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)

7.     Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

8.     "The types or categories of collections notices recognized as violations of the FDCPA in other cases include generally: 1) notices that contain language that 'overshadows' or 'contradicts' other language that informs consumers of their rights; 2) notices that mislead by employing formats or typefaces which tend to obscure important information that appears in the notice; and 3) notices that deceive by being open to more than one reasonable interpretation, at least one of which is inaccurate." *LeBlanc*, 601 F.3d at fn. 18 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd. Cir. 1993)).

9.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written "validation" notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, or any portion thereof, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

10.     The FDCPA requires that a debt collector effectively convey "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

11.     "Moreover, a communication from the debt collector cannot include any language which overshadows or contradicts the statutory notices required by § 1692g(a), in such a way as to make the least sophisticated consumer uncertain of his or her rights." *Gottlieb v. Green Oil, Inc.*, No. 97-7313-CIV-FERGUSON, 1998 WL 469849, at *3 (S.D. Fla. May 8, 1998); *see* 15 U.S.C. § 1692g(b).

12.     "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

## PARTIES

13.     Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Lake, and City of Umatilla.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due, a creditor other than Defendant.

18.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for

3

personal, family, or household purposes—namely a personal Walmart credit card account (the "Debt").

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In connection with the collection of the Debt, Defendant sent Plaintiff a letter on February 24, 2016.

21. The February 24, 2016 letter was Defendant's initial written communication to Plaintiff in an attempt to collect the Debt.

22. A true and correct copy of the February 24, 2016 letter is attached as Exhibit A.

23. Defendant's February 24, 2016 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

24. However, Defendant's February 24, 2016 failed to convey the identity of the creditor to whom the debt is owed.

25. While the letter states: "RE: Synchrony Bank Walmart Credit Card", the least sophisticated consumer would be left to guess whether what follows "RE:" is the identity of the current creditor, the original creditor, or the source of the Debt.

26. Defendant's February 24, 2016 letter fails to effectively convey the name of the creditor, because it does not explicitly state that any one of the parties mentioned in the letter is, in fact, the current creditor.

27. Upon receiving Defendant's February 24, 2016 letter, the least sophisticated consumer would be left to guess whether the current creditor is Defendant, Synchrony Bank, Walmart, or a debt buyer or other entity not referenced in the letter.

4

28.     Because Defendant's February 24, 2016 letter is subject to more than one reasonable interpretation, at least one of which is inaccurate, the February 24, 2016 letter is misleading as a matter of law.

29.     Defendant's February 24, 2016 letter therefore failed to meaningfully convey the name of the creditor to whom the debt is owed.

30.     Although the February 24, 2016 letter is Defendant's initial written communication in connection with the collection of the Debt, Defendant refers to its letter as a **"DEBT VALIDATION NOTICE."** Exhibit A (emphasis in original).

31.     Upon information and belief, as of the February 24, 2016 letter, Defendant had not taken any actions to validate the Debt.

32.     Because the February 24, 2016 letter refers to the Debt as already being validated, Defendant's letter could cause the least sophisticated consumer to refrain from disputing the Debt or requesting validation under the mistaken belief that Defendant had already taken these actions.

33.     Therefore, Defendant's statement that the collection letter was a validation notice overshadows or makes statements inconsistent with Plaintiff's rights under 15 U.S.C. § 1692g(a). Exhibit A.

## CLASS ALLEGATIONS

34.     Plaintiff repeats and re-alleges all factual allegations above.

35.     The February 24, 2016 letter is based on a form or template (the "Template") used by Defendant to send collection letters.

36.     Defendant has used the Template to send collection letters to over 40 individuals in the State of Florida within the year prior to the filing of the original complaint in this matter.

5

37.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the State of Florida from whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a debt, a written correspondence based on the Template.

38.     The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

39.     The class is averred to be so numerous that joinder of members is impracticable.

40.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

42.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43.     Plaintiff's claims are typical of those of the class she seeks to represent.

44.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of each class would require proof of the same material and substantive facts.

45.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47.     Plaintiff is willing and prepared to serve this Court and the proposed class.

48.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

52.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

53.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

54.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

55.    Plaintiff repeats and re-alleges each and every factual allegation above.

56.    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including by failing to convey the name of the current creditor to whom the Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

59.     Plaintiff repeats and re-alleges each and every factual allegation above.

60.     Defendant violated 15 U.S.C. § 1692g(b) by making statements which overshadowed, or were inconsistent with, Plaintiff's rights under § 1692g(a), including by stating that the initial written communication was a "**DEBT VALIDATION NOTICE.**" Exhibit A.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

61.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 27, 2016.

Respectfully submitted,

/s/ Alex D. Weisberg

Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

Exhibit "A"

**Client SERVICES** INCORPORATED

Office Hours (Central Time)
Monday-Thursday: 8am-9pm
Friday: 7am-5pm
Saturday: 7am-12pm
Sunday: Closed

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

RE: Synchrony Bank Walmart Credit Card
ACCOUNT NUMBER: XXXXXXXXXXXX2607
BALANCE DUE: $693.59
REFERENCE NUMBER: 20976618

PHONE: 877-552-5924

DATE: February 24, 2016

## DEBT VALIDATION NOTICE

The above account has been placed with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Don Funke

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
|---|---|---|---|
| | Pay-by-Phone: 1-877-552-5905 | | If you are unable to pay the balance in full, contact our office at 877-552-5924 for payment options, which may be available to you. |

**Do not send correspondence to this address.**

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | 20976618 |
|---|---|
| AMOUNT ENCLOSED | |



**Checks Payable To: Client Services, Inc.**

STACEY HART
399 ROSE ST
UMATILLA FL 32784-8637

**REMIT TO:**

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

117611-2683-SYNC809